IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY CAMDEN
VICINAGE

| | |
|---|---|
| YAKIK RUMLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DEMOCRACY PREP (FREEDOM PREP),<br><br>        Defendant. | Civil No. 19-14316 (RMB/JS)<br><br>**OPINION** |

Yakik Rumley, Plaintiff *pro se*
400 Chambers Street, Apt. 17Q
New York, New York 10282

**BUMB**, United States District Judge:

    This matter comes before the Court upon Plaintiff's Motion to Reopen this case [Dkt No. 10] after the case was closed upon Plaintiff's failure to timely file a Second Amended Complaint. Plaintiff has attached the proposed Second Amended Complaint to the instant Motion to Reopen. For the reasons set forth herein, the Court will decline to exercise supplemental jurisdiction over the only remaining state law claim in this suit.

    Plaintiff, *pro se*, filed his original Complaint and application to proceed *in forma pauperis* ("IFP") on June 26, 2019. The Complaint asserted one claim for violation of Title VII, 42 U.S.C. § 2000e *et seq.* This Court screened the Complaint pursuant

1

to 28 U.S.C. § 1915(e)(2)(B), and held that the Complaint failed to state a claim because Plaintiff alleges his job offer was rescinded on the basis of his criminal record, which is not a characteristic protected by Title VII. [See Dkt No. 4] The Court also denied without prejudice Plaintiff's IFP application. [Id.]

Thereafter, Plaintiff filed an Amended Complaint and amended IFP application. [Dkt No. 3] The Amended Complaint no longer asserted a Title VII claim, and instead asserted a claim for violation of New Jersey's Opportunity to Compete Act, N.J.S.A. § 34:6B-14, also known as the "Ban the Box" law. The Court screened the Amended Complaint and explained that Plaintiff failed to state a claim because "he alleges that Defendants inquired into Plaintiff's criminal history after an offer of employment had been extended-- i.e., after-- not during-- the initial application process, which is defined as 'the period . . . ending when an employer has conducted a first interview,' N.J.S.A. § 34:63-13." [Dkt No. 4] The Court also denied without prejudice Plaintiff's IFP application. [Id.]

Thereafter, Plaintiff paid the Court's filing fee but did not file a Second Amended Complaint within the time prescribed by the Court's previous Order. Accordingly, the Court closed the case. [Dkt No. 6]

Plaintiff now moves the Court to reopen his case, asserting that he was given incorrect information by the Court Clerk's Office

concerning what he must file to continue his case. Plaintiff attaches to his Motion a proposed Second Amended Complaint which now, for the first time, alleges that Defendant asked Plaintiff about his criminal history on the initial job application-- <u>i.e.</u>, not after an offer had been extended, as previously alleged-- in violation of New Jersey's Opportunity to Compete Act.

While this Court originally had federal question jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of the Title VII claim, this Court now declines to exercise supplemental jurisdiction over the remaining state law claim.[1] The district court "may decline to exercise supplemental jurisdiction" over state law claims if it has "dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). The district court "must decline" to exercise supplemental jurisdiction in such circumstances "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."

---

[1] There is no independent basis for this Court's subject matter jurisdiction. While the parties are alleged to be completely diverse, the amount in controversy requirement of 28 U.S.C. § 1332 is not met. Plaintiff demands $75,500.00 in monetary damages, but recovering that sum is a legal impossibility, <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938), for two related reasons. First, the Opportunity to Compete Act expressly disclaims creating a private right of action in favor of job applicants, <u>see</u> N.J.S.A. § 34:6B-18 ("Nothing set forth in this act shall be construed as creating, establishing, or authorizing a private cause of action by an aggrieved person against an employer who has violated, or is alleged to have violated the provisions of this act."). Second, the "civil penalty" created by the Act is a maximum of $10,000.00, N.J.S.A. § 34:6B-19, which is well below the amount in controversy threshold.

3

Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). The Court finds no such affirmative justification in this case.² Accordingly, the Court will decline to exercise supplemental jurisdiction over the state law claim remaining in this suit, and therefore the Motion to Reopen will be denied as moot. An Order accompanies this Opinion.

Dated: October 16, 2019

                                      s/ Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE

---

² Indeed, but for Plaintiff having paid the filing fee after two unsuccessful attempts at securing IFP status, the proposed Second Amended Complaint would be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and this Court would hold, under those circumstances, that Plaintiff has still failed to state a claim for violation of the Opportunity to Compete Act. Independent from this Court's holding that there is no private right of action under the Act, see supra n. 1, the claim also fails on the merits. The Act exempts from its requirements employers who are "required by law, rule or regulation," to conduct "a criminal history record background check." N.J.S.A. § 34:6B-16(b). Defendant is alleged to be a school in New Jersey that sought to hire Plaintiff as a full-time physical education teacher. All New Jersey schools are required by law to conduct criminal background checks on their teacher applicants, see N.J.S.A. 18A:6-7.1 et seq., therefore, the exception found in N.J.S.A. § 34:6B-16(b) applies.